# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2020

Lyle W. Cayce
Clerk

No. 20-50189
c/w No. 20-50190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DAVID PINEDA-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1556-1
USDC No. 2:19-CR-1628-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan David Pineda-Rodriguez appeals the 30-month sentence imposed after his guilty plea conviction for illegal reentry after deportation. He further appeals the revocation of his term of supervised release imposed in connection with a prior conviction for illegal reentry after deportation. Pineda-Rodriguez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not brief any argument regarding his revocation or revocation sentence, and thereby has abandoned any related claim. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

Pineda-Rodriguez argues that the sentence for his instant conviction for illegal reentry was imposed based on an unconstitutional sentencing provision, i.e., 8 U.S.C. § 1326(b). He maintains that § 1326(b) impermissibly permits a defendant's sentence to be enhanced even if the fact of a prior conviction is not alleged in the indictment and proved beyond a reasonable doubt. He correctly acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he presents the issue to preserve it for further review. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief. Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Thus, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgments of the district court are AFFIRMED.